# In the United States Court of Federal Claims

No. 22-1754

(Filed: February 15, 2023)

**NOT FOR PUBLICATION**

```
*****************************************
CEDRIC GREENE,                          *
                                        *
                Plaintiff,              *         Rule 12(b)(1); Subject-Matter
                                        *         Jurisdiction; Pro Se.
                                        *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
*****************************************
```

*Cedric Greene,* Los Angeles, CA, *pro se*.

*Kelley Geddes*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

On November 29, 2022, Cedric Greene, a *pro se* plaintiff, filed a complaint alleging that he lost his federal government housing benefits due to the "gross neglect" by an employee of a United States Senator and seeking monetary compensation and reinstatement of his housing benefits. Compl. [ECF 1] at 2. Mr. Greene concurrently filed an application to proceed *in forma pauperis*. *See* [ECF 2].

On December 15, 2022, the government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). [ECF 7]. Mr. Greene filed a response to the government's motion to dismiss on December 28, 2022, [ECF 8], and the government filed a reply on January 17, 2023, [ECF 9]. On January 20, 2023, Mr. Greene filed a document which appears to be a sur-reply to the government's reply. However, this document was not filed on the docket because it contained filing errors. *See* Attachment #1 deficiency memorandum (Attachment #1). This document **SHALL BE FILED BY MY LEAVE AND SHALL BE TITLED** "Plaintiff's Sur-Reply to Defendant's Reply."

The government's motion to dismiss is fully briefed and ready for decision. For the reasons set forth below, defendant's motion to dismiss is **GRANTED**, and plaintiff's application to proceed *In Forma Pauperis* is **GRANTED**.

**I.      BACKGROUND**

On June 28, 2019, Mr. Greene received a letter from the San Francisco office of Senator Dianne Feinstein ("the Senator") stating that the office "was assigned to address [Mr. Greene's] subsidy housing concerns." [ECF 1] at 1. To assist Mr. Greene, the caseworker assigned to his case reached out to an unspecified government housing agency ("the housing agency") on his behalf. *Id*. According to Mr. Greene, the Senator's staff promised that they "would do all they could to help him." *Id*. However, after contacting the housing agency, they apparently failed to respond to his numerous emails following up on the status of his case. *Id*. Mr. Greene did not receive a response from the Senator's office until after he and his spouse had been evicted from their residence. *Id*. at 1-2. As a result of the Senator's staff not providing him with the housing agency's response, Mr. Greene claims that he was prevented from mounting a successful defense in his unlawful detainer case and was likewise prevented from obtaining an emergency stay in his eviction. *Id*. at 2. Mr. Greene alleges that, in failing to provide him with the housing agency's response, the caseworker committed "gross neglect in the most careless fashion." *Id*. at 3. He seeks money damages in an amount that "will be disclosed at a later date," as well as the reinstatement of his section eight benefits. *Id*.

The government argues in its motion to dismiss that "[Mr. Greene's] claims are beyond this Court's jurisdiction under settled law." [ECF 7] at 2. Specifically, the government contends that Mr. Greene's complaint focuses on claims of negligence and, if construed liberally, perhaps due process violations. *Id.* at 3-4. In response, Mr. Greene asserts that "[t]he United States Court of Federal Claims has jurisdiction over a wide range of claims against the government including '*contract disputes*.'" [ECF 8] at 3 (emphasis in original). Mr. Greene appears to argue that the government breached a contract between it and Mr. Greene when the Senator's office failed to provide Mr. Greene with a response. *Id.* at 4.

**II.     LEGAL STANDARDS**

The United States Court of Federal Claims has limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2001). The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d. 1338, 1343 (Fed. Cir. 2008). When relief is sought against defendants other than the United States, the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 569 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)). A plaintiff "bears the burden of establishing subject matter jurisdiction by a

preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted); *see also O. Ahlborg & Sons, Inc. v. United States*, 74 Fed. Cl. 178 188 (2006), *appeal dismissed*, 219 Fed. App'x 992 (Fed. Cir. 2007).

Claims filed by *pro se* plaintiffs, "'however inartfully pleaded', are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, plaintiffs proceeding *pro se* are not excused or exempt from meeting the Court's jurisdictional requirements. *See Henke*, 60 F.3d at 799; *see also Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). A *pro se* plaintiff must still present facts which form the basis of a valid claim. *See Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)).

### III.  DISCUSSION

Mr. Greene's complaint alleges claims of negligence, breach of official duties, and breach of contract. *See* [ECF 1]; *see also* [ECF 8]. Construed liberally, the facts Mr. Greene has pled may also be viewed as alleging due process violations. *See* [ECF 1]. Nevertheless, even when viewing the claims raised by Mr. Greene through the liberal lens afforded to *pro se* plaintiffs, his complaint fails to invoke the jurisdiction of this Court. Accordingly, his complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of subject–matter jurisdiction.

The allegations in Mr. Greene's complaint are primarily directed at the caseworker from Senator Feinstein's office who was assigned to assist him. *See* [ECF 1]. As a general matter, this Court cannot exercise jurisdiction over a case in which relief is being sought against a defendant other than the United States. *Sherwood*, 312 U.S. at 588. Therefore, Mr. Greene's claims against the individual caseworker fall outside of this Court's jurisdiction. *See Curtis v. United States*, 212 F. App'x 991, 992 (Fed. Cir. 2007) ("the Court of Federal Claims lacks jurisdiction to entertain claims against government employees in their individual capacities"); *Brown v. United States,* 105 F.3d 621, 624 (Fed. Cir. 1997) ("[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.") (citing 28 U.S.C. § 1491(a)).

To the extent Mr. Greene intended to allege that the caseworker was acting in an official capacity as a government employee, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). However, even if Mr. Greene had directed his claims at the United States itself, rather than the individual caseworker, his claims still fall outside of this Court's jurisdiction because his claims are characterized as tort claims. *See* [ECF 1] at 2 (alleging "gross brea[c]h of duties" resulting in "major embarrassment and mental anguish" and "gross neglect in the most careless fashion."). This Court does not have jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1) (This Court's jurisdiction is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." (emphasis added)); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *Quillin v. United States*, 228 Ct. Cl. 727, 727 (1981).

Mr. Greene's additional allegation that a government actor prevented him from adequately defending himself during his eviction proceedings raises potential claims of due process violations under the Fifth and Fourteenth Amendments of the Constitution. *See* [ECF 1] at 1-2. Even if the Court were to construe them as such, it likewise lacks jurisdiction to hear these claims because the Due Process Clauses of the Fifth and Fourteenth Amendments do not mandate the payment of money by the government. *See Leblanc v. United States*, 50, F.3d 1025, 1028 (Fed. Cir. 1995); *see also Crosby v. Kieger*, 146 Fed. Cl. 303, 311 (2019).

In his response to the government's motion to dismiss, Mr. Greene argues that this Court has the authority to hear claims alleging breach of contract by the Federal Government. [ECF 8] at 3-4. While this Court possesses jurisdiction over breach of contract actions against the United States, Mr. Greene has failed to plead the existence of a contract, as required to invoke this Court's jurisdiction. Rather, Mr. Greene makes threadbare conclusory statements that a contract existed, and that the government breached that contract. *Id.* He does not allege the elements of a contract, *see Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. (2014), nor does he allege that the caseworker assigned to assist him had actual authority to bind the government in contract. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997) (stating that, in order to properly allege the existence of a contract, a Plaintiff must plead facts which demonstrate "a Government representative [] had actual authority to bind the Government."). Further, even had Mr. Greene's caseworker held the proper authority to form a contract on the government's behalf, she would be unable to do so in this case because Mr. Greene offered nothing in exchange for her assistance, and, thus, the government would not receive proper consideration. *Aviation Contractor Emps., Inc. v. United States*, 954 F.2d 1568, 1573 (Fed. Cir. 1991) (providing that government employees cannot enter into a contract on behalf of the government in which the government receives no consideration in return.).

Absent these allegations, Mr. Greene fails to properly allege the existence of a contract. "For purposes of a Rule 12(b)(1) motion, the usual presumption is that a contract exists if it is properly alleged." *Total Med. Mgmt., Inc. v. United States*, 29 Fed. Cl. 296, 299 (1993). However, when the moving party can show that the plaintiff has failed to properly allege the existence of a contract, the motion to dismiss should be granted without prejudice. *Id.* (citing *E. Trans–Waste of Maryland, Inc. v. United States*, 27 Fed. Cl. 146, 150, 152 (1992)); *see also Perry v. United States,* 149 Fed. Cl. 1, 12 (2020) ("A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction if the claim is wholly insubstantial and frivolous.") (quoting *Ibrahim v. United States,* 799 F. App'x 865, 867 (Fed. Cir. 2020)). The moving party in this case, the government, has shown that Mr. Greene failed to properly allege the existence of a contract. Accordingly, dismissal for lack of subject matter jurisdiction under 12(b)(1) is appropriate.

### IV.   CONCLUSION

The plaintiff's application to proceed *in forma pauperis* is **GRANTED**.[1] Nevertheless, for the reasons explained above, the defendant's motion to dismiss is **GRANTED**, and the

---

[1] Mr. Greene filed an application to proceed *in forma pauperis*. [ECF 2]. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). Under the statute,

plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly.

    **IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

a plaintiff is eligible to proceed *in forma pauperis* if he or she is "unable to pay such fees or give security therefor." *Moore v. United States*, 93 Fed. Cl. 411, 413 (2010) (quoting 28 U.S.C. § 1915(a)(1)). "[T]he threshold for a motion to proceed *in forma pauperis* is not high[.]" *Id*. at 414. "Unable to pay such fees" means that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citing *Adkins v. E.I. DuPont de Nuemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Moore*, 93 Fed. Cl. at 413 (stating the determination of what constitutes "unable to pay" is left to the discretion of the presiding judge based on the information submitted by the plaintiff). In his application, Mr. Greene explains that his is unemployed, relies on County assistance programs, and receives only $221 in monthly income. [ECF 2] at 1-2. The Court finds that Mr. Greene has sufficiently demonstrated that he would experience financial hardship if required to pay the Court's filing fees. Accordingly, Mr. Greene's application to proceed *in forma pauperis* is granted.

Docket No. _____

**UNITED STATES COURT OF FEDERAL CLAIMS**

**DEFICIENCY MEMORANDUM**

**TO:**   Judge _____

**FROM:**   CLERK'S OFFICE

**CASE NAME:** _____

**DOCUMENT TITLE:** _____

The attached was received on _____ and the following defect(s) is/are noted:

1. Untimely, due to be filed by _____ [Rule 7.2].

2. Proof of service: [Rule 5.3]

   \_\_\_ is missing;   \_\_\_ is not signed and/or dated; shows service on wrong attorney or of wrong item.

3. Not signed by the attorney or party of record [Rules 11 and 83.1(c)(2)].

4. Does not comply with the provisions of Rule:

   | | |
   |---|---|
   | 5.2(a) | Re: redacted filings [Privacy Protection] |
   | 5.4(a)(2)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
   | 5.4(b) | Re: length of briefs or memorandum |
   | 5.5(d)(2) | Re: copies missing |
   | 5.5(g) | Re: Judge's name on all filings |
   | 10(a) | Re: incorrect caption; names of parties |
   | 24(c) | Re: motion to be accompanied by a pleading |

5. Original affidavit(s)/declaration(s) is/are missing.

6. No provision in the rules (or court order) for the filing of this item.

7. 

_____
Deputy Clerk's Initials

*Revised February 2020*